*Kyle Graybill, et al, v. KSW Oilfield Rental, LLC*
Case No. 2:15-cv-02462
In the United States District Court for the Southern District of Ohio

Settlement Agreement and Release

Kyle Graybill ("Plaintiff") filed this lawsuit against KSW Oilfield Rental, LLC ("Defendant") (collectively, "the Parties"). After engaging in discovery and other motion practice, the Parties agree that the above captioned litigation ("Litigation"), and all claims and controversies between them related to the payment of wages under the Pennsylvania Minimum Wage Act ("PMWA") or the Fair Labor Standards Act ("FLSA"), whether or not asserted, but all which could have been asserted in this Litigation, are hereby settled in accordance with the terms set forth within this Settlement Agreement ("Settlement"):

1. **Signors Authority to Bind the Parties:** Each signatory warrants and represents that they have authority to bind the party or parties for whom such person acts, even those who are not signatories hereto, and further warrants and represents that the claims, suits, rights and/or interest which are the subject matter of this litigation are owned by the party asserting same and have not been assigned, pledged, transferred or sold, except in connection with any fee agreement that such party has entered into with his or her counsel of record. Unnamed members of the putative Settlement Class who have opted into the case pursuant to 29 U.S.C. § 216(b) will be bound by this Agreement. Unnamed members of the putative Settlement Class who have not already opted into the case pursuant to 29 U.S.C. §216(b) will also be bound by this Agreement unless they affirmatively opt out of the Settlement Class.

2. **Non-Revocable Agreement:** This Agreement is not subject to revocation, but is contingent upon Court approval as may be necessary to effectuate full and complete settlement of the disputes in accordance with the applicable law and as may be requested by the Parties or required by the Court.

3. **Definition of Plaintiffs, Class Members and Settlement Class:** The Class previously certified by the Court consists of Plaintiff Kyle Graybill and all other "present and former non-exempt employees of Defendant during the period three years preceding the commencement of this action to the present who worked as field technicians, service technicians, or other similar job titles and who worked in Pennsylvania during one or more workweeks and were paid for those workweeks using the Fluctuating Workweek method." Order filed January 28, 2016 (ECF #27) at 3. The Settlement will apply to Plaintiff and all other members of the Class, except unnamed Class Members who request exclusion from the Class pursuant to Fed. R. Civ. P. 23(e).

4. **Distribution of the Settlement:** The Total Settlement Amount, after deduction of the service award, Plaintiff Graybill's settlement, attorneys' fees and litigation costs, and the cost of settlement administration, shall be distributed in Individual Payments to Plaintiff and all other Class Members. The Individual Payments will be allocated among

the Class Members in proportion to their respective damages according to Plaintiff's calculations.

5. **Total Settlement Amount:** In exchange for the release in paragraph 14 of this Agreement, Defendant will pay Four Hundred Thousand and 00/100 Dollars ($400,000.00).

6. **Calculation of Individual Payments:** The Individual Payments will be calculated by Plaintiff's Counsel or by the Settlement Administrator referenced in Paragraph 12. The Individual Payments will be subject to taxes and withholdings and will be reported as W-2 payments by or as directed by the Settlement Administrator. Defendant will be responsible for the employer portion of applicable taxes. Calculations with respect to all settlement participants will be shared with Defense counsel before any disbursement.

7. **Retention of Individual Payments:** Individual Payments that are not cashed within eleven (11) months after the entry of the Court's Final Approval Order will revert to the Class for redistribution to other Class Members on a pro rata basis.

8. **Attorneys' Fees and Expenses:** Defendant will not oppose Plaintiff's application to the Court for attorneys' fees in an amount not to exceed one-third of the Total Settlement amount plus reimbursement of litigation costs of approximately $4,5000.

9. **Service Award:** Defendant will not oppose Plaintiff's application to the Court for a service award in the amount of $5,000 to Plaintiff Kyle Graybill, to be paid from the Total Settlement Amount in addition to his Individual Payment.

10. **Plaintiff Graybill's Settlement.** Plaintiff Graybill will receive $3,000 in settlement of his individual claims, to be paid from the Total Settlement Amount in addition to his Individual Payment pursuant to Paragraph 6.

11. **Joint Motion for Preliminary Approval of Settlement:** Within 21 days of the execution of this Agreement, the Parties will jointly move the Court for preliminary approval of the Settlement.

12. **Distribution of Notice Forms:** Notice Forms will be distributed to the Class Members within ten (10) days after the Court grants preliminary approval of the Settlement and approves of the Notice form. Plaintiff's counsel will coordinate the distribution of the Notice with the assistance of a Settlement Administrator selected by Plaintiff's counsel. The Administrator will be paid from the Total Settlement Amount. Class Members will be allowed 60 days after the mailing of the Notice to object to the settlement or request exclusion from the Class.

5850165v1

13. **Joint Motion for Final Approval of Settlement.** After the 60-day notice period has passed, the Parties will jointly move the Court for final approval of the Settlement, including dismissal of the claims alleged in Cause No. 2:15-cv-02462 with prejudice. If the Court does not approve of the Settlement and does not dismiss the claims in Cause No. 2:15-cv-02462, this Agreement becomes null and void in its entirety.

14. **Funding of Settlement:** Defendant will fund the settlement in the amount set forth in paragraph 5 of this Agreement directly to the Settlement Administrator within ten (10) days after entry of the Court's Final Approval Order.

15. **Released Claims:** In exchange for accepting the Settlement, Plaintiff and each Class Member will release KSW Oilfield Rental, LLC from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the PMWA or the FLSA and any other applicable state wage statute where Plaintiffs may have worked for Defendant, including but not limited relevant West Virginia and Pennsylvania State claims and to the Ohio Minimum Fair Wage Standards Act and claims made or that could have been made. This release applies to all of the claims asserted or that could have been asserted in Case No. 2:15-cv-02462.

16. **No Admission:** Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendant.

17. **Mutual and Full Cooperation.** The Parties shall use their best efforts and fully cooperate with each other to accomplish the terms of this Agreement and to take such other actions as may reasonably be necessary to implement and effectuate the terms of this Agreement.

18. **Modification.** This Agreement may not be changed, altered, or modified, unless such modification is manifested in a written document duly executed by the Parties. Any material modifications shall be approved by the Court in its continuing jurisdiction.

19. **Counterparts, Copies, and Electronic Signatures.** This Agreement may be executed in counterparts. The Parties may use electronic signatures. Further, original signatures or copies of signatures shall bind each Party to the terms and conditions contemplated and expressed in this Agreement.

20. **Complete Agreement and Disputes.** This constitutes the complete agreement between the Parties. Breach of any term of this Agreement shall subject this agreement to termination at the determination of the non-breaching Party. If any dispute arises relating or pertaining in any way to this Settlement Agreement, including a dispute with regard to the interpretation and/or performance of this Settlement or any of its provisions and/or

whether a material term of the Parties' Settlement is omitted from or misstated in this Settlement or with respect to any other claim or controversy between the Parties, whether known or unknown, and whether arising in the future or existing as of the date of this Settlement, the Parties agree to submit any and all such disputes to the Mediator that facilitated this settlement, as Arbitrator, for final and binding arbitration of all such disputes. Such arbitration shall be pursuant to the *Commercial Arbitration Rules* as promulgated by the American Arbitration Association and then in effect. Each party shall advance deposits sufficient to pay the estimated costs of the arbitration, including the Arbitrator's fee and expenses; *provided, however,* if arbitration is brought to construe or enforce this Settlement or otherwise as provided herein, the prevailing party shall be entitled to recover attorney's fees and expenses, as well as fees of the Arbitrator, and the Arbitrator shall be authorized to assess such costs and fees in accordance with the *Rules*. Each signatory hereto expressly warrants and represents that no promise or agreement which is not herein expressed has been made to him, her, or it, and that in executing the releases contained in this Settlement and in entering into the covenants contained herein, they are not relying upon any statement or representation outside the scope of this Settlement.

21. **Jurisdiction:** The Parties agree that the Court Cause No. 2:15-cv-02462 will retain jurisdiction to enforce the terms of this Agreement.

This Settlement and all terms contemplated and expressed herein are agreed to by:

By:_____  Date:_____
    KYLE GRAYBILL

**PLAINTIFF, INDIVIDUALLY AND ON BEHALF OF ALL CLASS MEMBERS**

By: *[signature]*_____  Date: February 8, 2017
    RYAN A. WINTERS

By: *[signature]*_____  Date: 2-8-17
    THOMAS A. DOWNIE

**COUNSEL FOR PLAINTIFF AND ALL CLASS MEMBERS**

By:_____  Date:_____
    STEPHEN LEE

**COUNSEL FOR KSW OILFIELD RENTAL, LLC**

5850165v1

This Settlement and all terms contemplated and expressed herein are agreed to by:

By:_____     Date:_____
    KYLE GRAYBILL

**PLAINTIFF, INDIVIDUALLY AND ON
BEHALF OF ALL CLASS MEMBERS**

By:_____     Date:_____
    RYAN A. WINTERS

By:_____     Date:_____
    THOMAS A. DOWNIE

**COUNSEL FOR PLAINTIFF AND ALL
CLASS MEMBERS**

By: /s/ Stephen Lee                      Date: January 27, 2017
    STEPHEN LEE

**COUNSEL FOR KSW OILFIELD RENTAL, LLC**